CLAY, Circuit Judge,
concurring.
I agree with the majority that the district court’s judgment must be affirmed. I write separately to discuss an issue that was raised on appeal by Plaintiff Old Blast, Inc. which was not addressed in the majority’s opinion. The issue concerns whether the Multi-Employer Pension Plan Amendments Act of 1980 (“MPPAA”), specifically the application of withdrawal liability under 29 U.S.C. § 1381, is unconstitutional as applied to Joyce Denonville.
Plaintiff argues that the district court erred in applying a rational basis test to its facial challenge because Denonville’s shares in Old Blast, in Plaintiffs view, are similar to the interests of those individuals receiving welfare assistance. Plaintiff claims that Denonville’s property rights in these shares are fundamental rights which should garner the protection of the strict scrutiny standard because she is a widow with children to support.
This argument fails for a variety of reasons, the first being that “[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.” United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Plaintiff incorrectly challenges the constitutionality of the MPPAA because it argues that only circumstances pertaining to Denonville exist under the MPPAA which are invalid. It does not even attempt to establish that “no set of circumstances exists under which the [MPPAA] would be valjd.” Id.
Second, the Supreme Court has consistently. applied the rational basis test to the MPPAA’s withdrawal liability section. The Supreme Court held in Pension Benefit Guaranty Corporation v. R.A. Gray & Co., that the retroactive application of the MPPAA’s withdrawal liability provisions was justified by a rational legislative purpose, and therefore, did not violate the Fifth Amendment’s Substantive Due Process Clause. 467 U.S. 717, 730-31,. 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984); see also Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust For Southern California, 508 U.S. 602, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (holding that withdrawal liability as applied to Concrete Pipe, the employer, did not violate the Fifth Amendment because the imposition of withdrawal liability was clearly rational inasmuch as the employer’s liability was based on a proportion of its *459 contributions during its participation in the plan).
Third, it appears that Old Blast has waived its right to challenge the withdrawal liability because it did not follow the MPPAA’s mandatory arbitration provision. The MPPAA states that “[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration.” 29 U.S.C. § 1401(a)(1). See also Knall Beverage, Inc. v. Teamsters Local Union No. 293 Pension Plan, 744 F.3d 419, 422 (6th Cir. 2014) (holding that the plaintiffs cannot bring the action in federal court because they did not comply with the MPPAA’s arbitration requirement).
Old Blast seems to argue that it did not need to bring this dispute before an arbitrator because it brought a facial constitutional attack. See Marvin Hayes Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund, 814 F.2d 297, 300 (6th Cir. 1987) (holding that “[ujnless an employer is mounting a facial constitutional attack or making a verifiable claim of irreparable injury, the courts have no jurisdiction to entertain the merits of the dispute prior to arbitration.”). However, Old Blast’s facial constitutional challenge was meritless, and arguably frivolous. In accord with the other circuits, “[a]ny objection to an MPPAA withdrawal liability assessment not raised by the employer in the arbitration is waived.” Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Exp., Inc., 181 F.3d 799, 806-07 (7th Cir. 1999); Trs. of Colo. Pipe Indus. Pension Tr. v. Howard Elec. & Mech. Inc., 909 F.2d 1379, 1385-86 (10th Cir. 1990) (holding that an employer waives any defenses to collection actions that could properly have been heard before the arbitrator by failing to arbitrate); I.A.M. Nat’l Pension Fund, Plan A, A Benefits v. Clinton Engines Corp., 825 F.2d 415, 417-18 (D.C. Cir. 1987) (“Congress’ directive is clear. Any dispute over withdrawal liability as determined under the enumerated statutory provisions shall be arbitrated” prior to judicial review); Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC, Inc., 826 F.2d 320, 326-28 (5th Cir. 1987) (noting that section 1401(a)(l)’s arbitration provision indicates that arbitration is compulsory, not a voluntary stage of the administrative procedure).
Lastly, Old Blast may have been able to reduce the amount of its withdrawal liability if it had properly challenged the assessment in arbitration. The MPPAA affords relief for insolvent employers. In the case of an insolvent employer undergoing liquidation or dissolution, the employer’s withdrawal liability may be reduced. See 29 U.S.C. § 1405(b) (stating that the unfunded vested benefits allocable to an insolvent employer shall not exceed 50 percent of the unfunded vested benefits allocable to the employer and that portion of the 50 percent which does not exceed value of employer). I note this because Old Blast argued in the district court that Congress failed to consider the possibility that the amount required to pay withdrawal liability might exceed the ability of the employer to pay.
I therefore agree with the majority that the district court’s judgment must be affirmed.